UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

MAR - 5 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ROBERT LEE LASSITER, III,

    Petitioner,

v.                                         CIVIL ACTION NO. 2:11cv556
                                         CRIMINAL ACTION NO. 2:01cr180

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM ORDER*

    The Court has recently received Robert Lee Lassiter's ("Petitioner") Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Petition"). After pleading guilty to a multi-count Indictment, Petitioner was sentenced by this Court on February 25, 2002. Petitioner alleges that he has served more time than he is required to serve because a change in the law indicates his initial sentence was improper.

    Before evaluating the merits of Petitioner's claims, this Court must ascertain whether it has jurisdiction over those claims. Jurisdiction depends upon the type of habeas petition. Habeas petitions can be brought in federal court pursuant to 28 U.S.C. §§ 2254, 2255, or 2241.

    Federal habeas corpus petitions made by federal prisoners are governed by 28 U.S.C. §§ 2255 and 2241. An application for the writ of habeas corpus that attacks the imposition of a sentence should be brought pursuant to 28 U.S.C. § 2255. On the other hand, a federal prisoner challenging the execution of his sentence, such as the application of parole board guidelines, should file an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner is attacking the imposition of his sentence. Petitioner has previously filed a motion pursuant to § 2255. It appears, therefore, that Petitioner is attempting to circumvent the

second or successive requirements of 28 U.S.C. § 2255 by filing his Petition pursuant to 28 U.S.C. § 2241. However, Petitioner is barred from taking such action. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Section 2255 provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Based on this language, courts have held that § 2255 is a federal prisoner's exclusive remedy for collaterally attacking the *imposition* of his sentence, unless the remedy is "inadequate or ineffective." *Swain v. Pressley*, 430 U.S. 372, 377-378 (1977); *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Whiting v. Hunter*, 204 F.2d 471, 472 (10th Cir. 1953) ("the remedy afforded by Section 2255 is exclusive unless for some reason the remedy by motion is inadequate to test the legality of the prisoner's detention and . . . one may not by-pass the remedy afforded thereby or after his rights have been exhausted thereunder").

If this was Petitioner's first § 2255 petition, the Court would be required to provide notice of its recharacterization of the petition. *See United States v. Blackstock*, 513 F.3d 128, 132 (4th Cir. 2008) (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)). As Petitioner has already filed a § 2255, he will not prejudiced by the recharacterization of this Petition and notice is not required. Accordingly, the Court **CONSTRUES** the Petition as one brought under 28 U.S.C. § 2255. *See McNair v. McCune*, 527 F.2d 874 (4th Cir. 1975) (construing *pro se* submission liberally); *Miller v. United States*, 564 F.2d 103, 105 (1st Cir. 1977) (construing habeas petition as one brought under section 2255).

However, Petitioner has not received authorization to file a second or successive § 2255 from the Court of Appeals for the Fourth Circuit. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Further, § 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Thus far, Petitioner has failed to take the appropriate steps to file a successive § 2255 petition.

Accordingly, the Petition is **DISMISSED**.

Petitioner may appeal from this final Memorandum Order by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from the date of entry of this Memorandum Order.

The Court **DIRECTS** the Clerk to send Petitioner the forms "Motion Under 28 U.S.C. § 2244(b)(3)(A) for Order Authorizing District Court to Consider Second or Successive Petition for Relief Under 28 U.S.C. §§ 2254 or 2255" and "Instructions for Filing Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Petitioner for Relief Under 28 U.S.C. §§ 2254 or 2255."

In addition, the Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to Petitioner and the United States Attorney.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 5, 2012